## SUPREME COURT—IN BANCO.

*Harris and Judd, J. J.*

ELIZABETH KAUWA, OTHERWISE ELIZABETH KAUWA LIPOA, BY JOHN D. ROBINSON, HER GUARDIAN, *vs.* JAMES I. DOWSETT AND OTHERS.

WHERE the administrator sold a portion of his intestate's real estate, pursuant to an order of a Judge in Probate in 1858, and it not appearing by the record that there was subsequent confirmation of the sale by the Court; HELD that the statute did not require such confirmation, and the deed was good without it.

In argument on exceptions a point not certified in the bill as having been raised in the trial and in which no request had been made for instructions, cannot be taken into consideration.

Where a deed recites that the boundary runs along D.'s land the effect is to convey all the land up to his line, even if the courses and distances do not accurately coincide.

Mr. Justice HARRIS delivered the opinion of the Court.

This case came on for hearing at the last October term,

79

when evidence was introduced on behalf of the plaintiff tending to show that Madison Lipoa and Julia Moemalie were the heirs of Lupe, the former owner of the land in dispute in this action, and' that the plaintiff was entitled thereto by virtue of the will of the said Madison Lipoa and of a conveyance from the said Julia Moemalie, and that the several defendants were in possession of the said land; and evidence was also had on behalf of the defendants, and it was admitted on behalf of the. plaintiff, that the several defendants, Henry Marsh, A. J. Kinney, Virgil Thompson, W. G. Woolsey, Ailoloalii, (k) Augustine Enos and Kepahoni, were in possession of portions of the said land, and that they claimed to be entitled thereto by virtue of three several warranty deeds dated respectively the 8th day of July, 1859, from the said Madison Lipoa to James I. Dowsett, Leonard Mitchell and others, and Kapono (k); and the said defendants also put in evidence an order made by the Hon. G. M. Robertson, the then First Associate Justice of this Court, sitting in probate, dated the 10th day of September, 1858, authorizing the said Madison Lipoa, as the administrator of the estate of the said Lupe, to sell a part of the land in question by public auction to pay the said intestate's debts.

It does not appear from the record that there was any confirmation of sale by the Court subsequent to the land being offered for sale, and the Court being asked to charge that the deed was not good for want of confirmation of the sale, by the Court, declined so to do; but instructed the jury that the deed would be good without any express confirmation by the Court subsequently. The statute does not require any such confirmation, and the order of Court, which is exhibited to the Court, contains no direction that the sale should be reported for confirmation before the deed should be given. And, moreover, it does not appear to have been the practice of the Court at that time to have a special

E. K. Lipoa by her guardian J. D. Robinson *v.* J. I. Dowsett et als.

sitting for the confirmation of sales at all times, and the authority to sell being shown and a deed subsequently, it is to be presumed that all the other intervening steps were properly made. And we therefore think that the instructions of the Court to the jury in this respect were correct.

But in arguing these exceptions, it was urged that the deed to which reference was had, did not on its face show that the sale was made by Lipoa as administrator, and in consequence of the order of Court; but that it appears that the deed was made rather as the sole heir to Lupe, which he was not, for his sister was co-heir with him.

By referring to the exceptions themselves, it does not appear that this point is raised by them or that the judge was asked to instruct the jury on that point; and therefore this point cannot be taken into consideration.

We understand the force of the judge's instructions regarding Dowsett's fence (which are certified up) to be, that it was a matter of no consequence where Dowsett's fence was located, for the reason set forth in the exceptions. We think that such instructions were correct, for the question for the jury was only whether any land, and if any, how much land had been conveyed by Lupe's administrator to Dowsett, and the deed recites that the boundary on the side in question is Dowsett's land, that is to say, along the land owned by Dowsett previous to his purchase. The intention was to sell to Dowsett all the land up to his line, and the effect of the deed is to convey it.

If the courses and distances run do not accurately coincide, still the conveyance is to Dowsett's line in terms.

Exceptions overruled.