### THE KING vs. PATRICK THORNTON.

#### ON EXCEPTIONS.

THE PRISONER with three others was indicted for conspiracy to charge a felony with intent to extort money.

The evidence showed that the crime of extortion, the object of the conspiracy, had been accomplished;

HELD, that the prisoner was not entitled to an acquittal on the ground that the conspiracy had become merged in the subsequent felony. It is not error to refuse to charge the jury that they must acquit the prisoner unless they were satisfied that he knew that the crime which the conspirators agreed to charge upon the person from whom the money was extorted was identical with that charged in the indictment, there being evidence that the prisoner had received his share of the money extorted.

Opinion of the Court by JUDD, J.

The prisoner, with three others, was indicted for conspiracy to charge a felony with intent to extort money. The evidence showed that the crime of extortion, the object of the conspiracy, had been accomplished. The prisoner's counsel asked the Court to instruct the jury to acquit the prisoner on the ground that the conspiracy had become merged in the subsequent felony.

By our statute a conspiracy to charge a felony is a felony. The crimes, then, are of equal degree. There is, therefore, no merger, and each is punishable separately. See Greenleaf's evidence, Section 90. "Where two crimes are of equal grade there can be no legal technical merger." People *vs.*

Mather, 4 Wend. 265; State vs. Murray, 15 Met., 100. In the last case cited the Court say, "In cases of conspiracy overt acts are laid merely as evidence of the principal charges."

It is not laid in this indictment that the charging of a felony was actually committed, but it was proved before the jury, in order to show that the threat to charge a certain felony, was the means employed for the extortion, and that was the motive for which the conspiracy was formed. By our statute it is clear that it is not necessary to charge that the object of the conspiracy had been accomplished. Section 3 reads: "It is not requisite that the act agreed upon should be done or attempted in pursuance of the conspiracy; the conspiracy itself constitutes the offense."

The rights of persons accused of conspiracy are fully protected in Section 7 of the Chapter on conspiracy, which provides that, "Where one is convicted of an offense, he is not liable thereafter to be tried for or convicted of a conspiracy to commit the same; and if a conspiracy to commit an offense, and the commission of the same be charged in the same indictment, the defendant is liable to be sentenced for one only." This section would rebut the idea that there could be a merger even if the conspiracy and the offense which it referred to were of different grades. The Court was right in refusing to charge as requested.

The second point made is that the jury should have been charged that unless they were satisfied that the prisoner knew that the crime which the conspirators agreed to charge upon the person from whom the money was extorted, was identical with that charged in the indictment, they must acquit him.

The Court was right in refusing this instruction, for if this prisoner did not know the exact crime which was agreed to be charged, he was not claimed to be innocent of acceding to it, and of receiving his share of the money which was extorted, and this would make him guilty of conspiracy. It must be admitted that if the jury had found on the evidence

that the crime to be charged was smuggling opium—a misde-
meanor—they would properly have found the prisoner guilty
of conspiracy in the second degree. This instruction was not
asked for by the counsel for the prisoner, and was therefore
not given or refused, and therefore no exception on this point
can now be considered. See Dowsett *vs.* Lipoa, 3 Haw. 625.

Clearly the jury were not authorized to acquit the prisoner
on the evidence, and this was the only instruction asked for.

Messrs. E. Preston and T. C. MacDowell for the prosecution.

Messrs. S. B. Dole and R. F. Bickerton assigned counsel for
the prisoner.

Honolulu, November 1, 1877.